## CIRCUIT COURT OF THE CITY OF RICHMOND

Judith A. Sutherland
and Patsy S. Thompson

   v.

Robby Thruston Carpentry, Inc.,
S. Robins Thruston,
W. J. Dennis and Co.,
Industrial Thermo Polymers, Ltd.,
and Sealed Air (Canada) Co./Cie.

March 4, 2005

Case No. LR-2041-3

BY JUDGE T. J. MARKOW

Before the court is a Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant, Sealed Air Canada Co./Cie., by special appearance. The court has received memoranda in support and opposition to the motion and has heard argument. The facts supporting the motion are established by affidavits.

This case arises out of Plaintiffs' alleged exposure to "toxic gas" emitted by a product installed in their home in January 2003. There is a question as to whether the product at issue was manufactured by Sealed Air or another manufacturer. It is undisputed, however, that Sealed Air manufactured a product similar to the one at issue. This product was sold almost exclusively to RCR International, Inc., in Montreal, Canada, from

Sealed Air's plant in Quebec, Canada; it was never sold or shipped by Sealed Air to Virginia; and Sealed Air no longer manufactures it.

A different and unrelated product manufactured by Sealed Air, not at issue in this case, was shipped into Virginia by Sealed Air at the request of customers after purchase outside the state. From 1999 to 2004, Sealed Air grossed approximately $150,000 from this product shipped to Virginia and in no relevant year did the Virginia shipments total more than .05% of Sealed Air's yearly sales.

Sealed Air, a Canadian corporation with its principal place of business in Ontario, Canada, does not maintain an office or employees in Virginia, does not own or own or lease any real property in Virginia, does not warehouse goods in Virginia, does not have a registered agent in Virginia, is not registered with the Virginia State Corporation Commission, does not advertise in Virginia, does not maintain any bank accounts in Virginia, and does not pay Virginia state taxes.

As a non-resident defendant, Sealed Air argues that it is not subject to specific or general personal jurisdiction under Virginia's Long Arm Statute and that exercise of personal jurisdiction over Sealed Air would violate its right to due process. Plaintiffs contend, however, that Sealed Air is subject to personal jurisdiction under § 8.01-328.1(A)(4) and (5) of the Virginia Long Arm Statute and that, because Sealed Air has sufficient minimum contacts with Virginia and it is fair for Sealed Air to be sued in Virginia, the requirements of due process are satisfied.

The court must first determine whether Sealed Air's contacts with Virginia satisfy the Virginia Long Arm Statute. If so, then the court must then address whether the contacts satisfy the Constitutional requirements of the Fourteenth Amendment regarding due process.

### Virginia's Long Arm Statute

The Virginia provisions on which Plaintiffs rely include:

Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth.

Va. Code § 8.01-328.1(A)(4).

Causing injury in this Commonwealth to any person by breach of warranty expressly or impliedly made in the sale of goods outside this Commonwealth when he might reasonably have expected such person to use, consume, or be affected by the goods in this Commonwealth, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth.

Va. Code § 8.01-328.1(A)(5).

Accordingly, under provision (4) or (5), the court must determine that Sealed Air (1) "regularly does or solicits business in Virginia," (2) "engages in a persistent course of conduct in Virginia," or (3) "derives substantial revenue from goods used or consumed in Virginia." If any one of these three alternative requirements is met, under the alleged facts, Sealed Air would be subject to provision (4) of Virginia's Long Arm Statute, and it would not be necessary to address Sealed Air's reasonable expectation under provision (5).

### (1) "Regularly does or solicits business"

The court finds that Sealed Air does not regularly conduct or solicit business in Virginia. The occasional shipments by Sealed Air of an unrelated product, at the request of the customer, as a result of a sale commenced outside the Commonwealth is not sufficient to satisfy this element. Additionally, Sealed Air (not its parent company) does not advertise in Virginia, maintain a phone number in a Virginia telephone directory, or maintain a public website.

### (2) "Engages in any other persistent course of conduct"

There is no evidence that Sealed Air engaged or engages in any conduct in Virginia other than the occasional shipment of unrelated product at the request of the customer, and this by itself does not rise to the level of "persistent" conduct. Sealed Air does not *systematically* ship products into Virginia. The shipments Sealed Air does make are not regular and are only performed at the request of the purchaser.

### (3) "Derives substantial revenue from goods used or consumed"

This alternative requirement is the most troublesome. It is undisputed that Sealed Air derives some revenue from the unrelated product it ships to Virginia. The question is whether this is "substantial" revenue.

According to *Ajax Realty Corp. v. J. F. Zook, Inc.*, a federal court interpreting Virginia's Long Arm Statute, "it is difficult to identify an absolute amount which *ipso facto* must be deemed 'substantial'," but Virginia leans toward a liberal construction. 493 F.2d 818, 822 (4th Cir. 1972). The *Ajax* court stated that, "while percentage of total sales may be a factor" in the substantiality inquiry, it is not dispositive. *Id.* The court noted that, in instances of large corporate entities, at some level substantiality is absolute regardless of the percentage of the total sales. *Id.* The facts in *Ajax* were similar to those in this case; a Washington company, which had no connections with Virginia, sold product to a Colorado corporation but shipped the product to Virginia at the request of the Colorado corporation. In *Ajax*, the court held that the $37,000 in revenue, derived from the out-of-state sale to a non-resident company but shipped to Virginia, was substantial even though it represented only one-half of one percent of the total sales of the corporation.

While *Ajax* is persuasive and not binding, outlining its analysis is a helpful basis to determine substantiality of revenue. An issue relevant to this case but not specifically addressed in the *Ajax* opinion is whether the substantiality of revenue should be based on an amount totaling the revenue derived from Virginia shipments over the entire life of the company, over an annual period, or over the most relevant years preceding the date of filing. Clearly, an old established seller that has sold goods delivered to Virginia at the rate of $1,000 per year over fifty years should not be deemed to have substantial sales in the Commonwealth; however, if the same seller sold $50,000 in the year relevant to the inquiry, it may be deemed substantial.

In this case, Sealed Air had total sales of $157,600 worth of unrelated product shipped to Virginia. In the two years preceding the Plaintiffs' year of filing, which the court deems the most relevant years, Sealed Air averaged $77,200 per year in sales delivered to Virginia ($77,400 in 2002 plus $77,000 in 2003). In this court's opinion, $77,200 worth of sales delivered to Virginia, in the most relevant years preceding the date of filing, regardless of the fact the sales only totaled .05% of Sealed Air's total revenue, is substantial revenue under these circumstances. Therefore, the court finds that Sealed Air derived substantial revenue in Virginia bringing it within the ambit of Virginia's Long Arm statute.

## Constitutional Requirements

In order for the court to exercise personal jurisdiction over a non-resident defendant who falls within the reach of Virginia's Long Arm statute, the court must further determine whether the exercise of personal jurisdiction would violate due process. Due process requires that the non-resident entity have sufficient minimum contacts with the forum state so as not to offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1965) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). In order for there to be sufficient minimum contacts, the court must find that "the defendant purposefully avail[ed] itself of the privilege of conducting activities within the [Commonwealth], thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Plaintiffs argue that Sealed Air purposefully availed itself of the privileges of Virginia when it sold ninety percent of its similar product to RCR International with the knowledge that the product would be distributed in the United States generally and in Virginia specifically.

Plaintiffs' argument that Sealed Air knew that its similar product would be distributed in Virginia does not overcome the Constitutional requirements as interpreted in *Asahi Metal Industry Co. v. California*, 480 U.S. 102 (1987). Under *Asahi*, "a defendant's awareness that the stream of commerce may or *will* sweep the product into the forum state does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum state. *Id.* at 112-13 (emphasis added). Without an act demonstrating purposeful availment, mere knowledge of the stream of commerce is insufficient to satisfy due process. *Id.*

Similar to the defendant in *Asahi*, Sealed Air does not do business in Virginia; does not have an office, agents, employees, or property in Virginia; does not advertise or otherwise solicit business in Virginia; did not create, control, or employ the distribution system that brought its similar product to Virginia; and there is no evidence that Sealed Air designed its product in anticipation of sales in Virginia. *See Id.* Accordingly, Sealed Air's sale of its product to a Canadian distributor, in Canada, was not purposefully directed toward Virginia and the mere act of placing its product in the stream of commerce does not qualify as purposeful availment.

Plaintiffs' attempt to distinguish this case from *Asahi* based on the product's composition is to no avail. While the valve stem in *Asahi* was a

48

mere component, the product in this case has been re-named, re-packaged, and modified by the distributor.

Plaintiffs further argue, in conjunction with the above argument, that Sealed Air's shipment of an unrelated product to Virginia demonstrates the intent of Sealed Air to purposefully avail itself of the privileges of conducting business in Virginia. The court finds that Sealed Air's shipment of unrelated products to Virginia does not satisfy the purposeful availment test. These sales were consummated outside the Commonwealth and shipment was only made to Virginia in response to the purchaser's request. The shipments do not rise to the level of "transacting business," nor were they systematic and continuous. Accordingly, exercise of personal jurisdiction over Sealed Air does not satisfy the sufficient minimum contacts requirement of due process.

Even if the court was to find that Sealed Air had sufficient minimum contacts with the Commonwealth, the court would not be entitled to exercise personal jurisdiction over Sealed Air due to a lack of fairness. In determining whether the exercise of personal jurisdiction is reasonable and fair, the court looks at certain factors such as "the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief," *Asahi*, 480 U.S. 102, 113, as well as, "the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies," *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

The burden on Sealed Air in defending this case would be severe. Not only do Sealed Air's representatives and witnesses have to travel a significant distance across national borders to defend itself, but it also must submit to a foreign legal system. According to *Asahi*, these two factors, in particular, should have significant weight in determining the reasonableness of exercising personal jurisdiction. 480 U.S. 102, 113.

As here, where minimum contacts have not been established, the interest of the forum state is slight. *See, Id.* at 114. While the Plaintiffs have an interest in obtaining relief, because it has not been established that the product causing the injury was that of Sealed Air and the Plaintiffs have a cause of action against the actual distributor, the court finds that the burden that would be placed on Sealed Air outweighs the interest of the Plaintiffs under the current facts.

With regards to efficiency, as this case has been pending for over eighteen months and is on its Fourth Amended Motion for Judgment, the court finds that it would be more efficient to proceed with the previously

included parties than to wait for another defendant to be caught up to speed, especially when the Plaintiffs have other adequate remedies.

Lastly, as in *Asahi*, the social policies are "best served by a careful inquiry into the reasonableness of the assertion of jurisdiction in the particular case, and an unwillingness to find the serious burdens on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum State." 40 U.S. 102, 115. Accordingly, the court finds that social policy weighs against subjecting Sealed Air to personal jurisdiction. Based on all the above factors, the court holds that it is unreasonable and unfair to subject Sealed Air to Virginia jurisdiction.

For the reasons stated above, the court finds that the court lacks personal jurisdiction over the defendant Sealed Air and, therefore, Defendant's Motion to Dismiss is granted and the cause of action against Sealed Air is dismissed.